UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER BARBATO and NORTH JERSEY PUBLIC ADJUSTERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERSTATE FIRE & CASUALTY COMPANY, INDEPENDENT SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S LONDON - SYNDICATE 2357, CERTAIN UNDERWRITERS AT LLOYD'S AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY B604510568622002, and ADRIENNE A. HARRIS, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, <br><br> Defendants. | Case No: <br><br> **<u>NOTICE OF REMOVAL</u>** <br><br> Removed from: <br><br> Supreme Court of the State of New York, County of New York, Index. No. 653259/2025 |

TO:   Clerk of the United States District Court for the Southern District of New York

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants Interstate Fire & Casualty Company, Independent Specialty Insurance Company, Certain Underwriters at Lloyd's London - Syndicate 2357, and Certain Underwriters at Lloyd's and other insurers subscribing to binding authority B604510568622002 ("Removing Defendants"), by and through their undersigned counsel, hereby remove this civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), and based on application of 28 U.S.C. § 1332 *et seq.* In support of this Notice of Removal, Removing Defendants state as follows:

**I. State Court Action.**

1. On May 28, 2025, Plaintiffs Peter Barbato and North Jersey Public Adjusters, Inc., filed a Complaint ("Complaint") in the Supreme Court of the State of New York, County of New York, entitled *Peter Barbato and North Jersey Public Adjusters Inc. v. Interstate Fire & Casualty Company, et al.*, Index No. 653259/2025 ("State Court Action").

2. A true and accurate copy of the Complaint is attached hereto as **Exhibit 1**.

3. Plaintiffs purport to bring this case individually and on behalf of a putative class of "hundreds of individuals and companies currently licensed by the State of New York as public adjusters." *See Complaint* at ¶ 37.

4. Plaintiffs allege that Defendants are "all foreign insurers writing surplus lines of insurance . . . ." *Id.* at ¶18.

5. Generally speaking, surplus lines insurance is "a specialty market that covers risks that standard insurance carriers will not underwrite or price, such as that borne by businesses with high risks including businesses in the construction, building, roofing, and commercial transportation industries." *Glantz v. James River Grp. Holdings, Ltd*., No. 23-CV-10000 (LJL), 2025 WL 278440, at *1 (S.D.N.Y. Jan. 23, 2025).

6. Plaintiffs allege that Defendants and their insureds have reached agreements not to use public adjusters that allegedly interfere with public adjusters' business relationships and economic opportunities that may arise in connection with insurance policies issued for properties located in New York. *See* Complaint at Counts II-V.

7. The Complaint pleads causes of action for tortious interference with contract, tortious interference with prospective economic advantage, and restraint of trade under New York

General Business Law § 340, and seeks declaratory and injunctive relief, class certification, and treble damages. *See id.* at Counts I-V.

8. A true and accurate copy of the acknowledgement of service of the Complaint is attached hereto as **Exhibit 2**.

## II. Grounds for Removal Under CAFA

9. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. §1332(d), because:

    a. The proposed class consists of 100 or more members;

    b. There is minimal diversity of citizenship between at least one plaintiff and one defendant; and

    c. The amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. *Numerosity.*

10. Plaintiffs allege that the proposed class includes "hundreds" of public adjusters licensed in New York. *See Complaint* at ¶37.

11. In addition, as reflected on the website maintained by the New York Department of Financial Services, there are 743 public adjusters who are licensed in the State of New York.

12. A true and accurate copy of a printout of an annotated excerpt from the website maintained by the New York Department of Financial Services that reflects that the New York Department of Financial Services supervises 743 public adjusters is attached hereto as **Exhibit 3**.

13. Plaintiffs' allegations satisfy CAFA's numerosity requirement under 28 U.S.C. § 1332(d)(5)(B).

B. *Diversity.*

14. Plaintiff North Jersey Public Adjusters, Inc., is a New Jersey corporation with its principal place of business in Fairview, New Jersey. *See* Complaint at ¶1.

15. Plaintiff Peter Barbato resides and works in New Jersey. *See id.* at ¶2.

16. Removing Defendant Interstate Fire & Casualty Company is an Illinois corporation with its principal place of business in Illinois. *See id.* at ¶3.

17. Removing Defendant Independent Specialty Insurance Company is a Texas corporation. *See id.* at ¶4.

18. Removing Defendant Certain Underwriters at Lloyd's London - Syndicate 2357 is a foreign insurance syndicate that maintains its principal place of business in London. *See id.* at ¶5.

19. Removing Defendant Certain Underwriters at Lloyd's and other insurers subscribing to binding authority B604510568622002 is composed of Syndicate 1458 and RenaissanceRe Specialty U.S. Ltd. ("RSUSL"). The sole member of Syndicate 1458 is RenaissanceRe Corporate Capital (UK) Limited, whose principal place of business is in London, England. RSUSL's principal place of business is in Hamilton, Bermuda.

20. Accordingly, based on the foregoing and that all plaintiffs are diverse from all defendants, diversity pursuant to 28 U.S.C. § 1332(d)(2)(A).

C. *Amount in Controversy.*

21. In cases invoking diversity jurisdiction under CAFA, the removing party bears the burden of establishing federal subject matter jurisdiction. *See Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57 (2d Cir. 2006).

4

22. The Second Circuit follows the "plaintiff's viewpoint" rule, which requires courts to measure the amount in controversy based on the value of the relief to the plaintiff. *See Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972); *Melendez v. R.W. Garcia Co., Inc.*, 2025 WL 1220903, at *5 (S.D.N.Y. Apr. 28, 2025); *Leyse v. Domino's Pizza LLC*, 2004 WL 1900328, at *3 (S.D.N.Y. Aug. 24, 2004).

23. Plaintiffs seek treble damages for economic harm allegedly arising from Defendants' agreements with their insureds as well as class-wide injunctive relief. *See Complaint* at ¶¶ 28–30, 50.

24. As set forth above, the putative class consists of 743 public adjusters licensed by the New York Department of Financial Services who were allegedly affected by Defendants' agreement with their insureds.

25. The maximum fee that a public adjuster may charge for public adjusting services in New York is twelve and one-half percent (12.5%). *See* N.Y. Comp. Codes R. & Regs. 11, §25.7

26. Even if one were to assume that each member of the putative class charged ten percent (10%) (i.e., less than the regulatory maximum) and would have lost just one (1) engagement per year due to Defendants' agreements with their insureds with an average covered loss of only $100,000, then the average lost fee would be $10,000.

27. Across 743 adjusters, the total lost income would be $7.43 million.

28. Treble damages under New York General Business Law §340 increase this total to $22.29 million.

29. In addition, Plaintiffs seek injunctive relief that would prevent Defendants from reaching an agreement with their insureds not to use public adjusters.

30. If this injunctive relief is awarded, the 743 public adjusters licensed by the New York Department of Financial Services would have the potential to earn up to twelve and one-half percent (12.5%) commissions on all losses going forward.

31. Again, even assuming a conservative ten percent (10%) commission on a conservative loss of $100,000, the putative class of 743 public adjusters would quickly recognize additional millions of dollars in future commissions.

32. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied.

D. *No Applicable Exceptions.*

33. None of CAFA's discretionary or mandatory jurisdictional exceptions apply. *See* 28 U.S.C. §1332(d)(3)(discretionary exception for local controversies) and §1332(d)(4) (mandatory exceptions where two-thirds of class members and primary defendants are in the forum state).

III. PROCEDURAL COMPLIANCE

34. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after service of the Complaint.

35. The United States District Court for the Southern District of New York is the proper venue under 28 U.S.C. § 1441(a) because the State Court Action was filed in New York County.

36. Written notice of this removal will be filed with the Clerk of the Supreme Court, New York County, and served on all parties pursuant to 28 U.S.C. § 1446(d).

37. A Civil Cover Sheet and a copy of all pleadings served upon Removing Defendants are attached hereto.

## IV.     RESERVATION OF RIGHTS

38.     Removing Defendants reserve all defenses, including lack of personal jurisdiction, improper venue, and failure to state a claim. This Notice of Removal is submitted subject to and without waiver of any such defenses.

WHEREFORE, Removing Defendants Interstate Fire & Casualty Company, Independent Specialty Insurance Company, Certain Underwriters at Lloyd's London - Syndicate 2357, and Certain Underwriters at Lloyd's and other insurers subscribing to binding authority B604510568622002, respectfully remove this action to the United States District Court for the Southern District of New York.


Dated: June 26, 2025                                  Respectfully submitted,

                                        By:     /s/ Brian P. Henry
                                                Brian P. Henry, Esq.  (0089069)
                                                ROLFES HENRY CO., LPA
                                                5415 87th Street East
                                                Bradenton, FL  34211
                                                T: (941) 684-0100
                                                E: bhenry@rolfeshenry.com
                                                E: kmcclintock@rolfeshenry.com

                                                *Attorneys for Defendants*
                                                *Interstate Fire & Casualty Company,*
                                                *Independent Specialty Insurance Company*
                                                *Certain Underwriters at Lloyd's London -*
                                                *Syndicate 2357, and*
                                                *Certain Underwriters at Lloyd's and other*
                                                *insurers subscribing to binding authority*
                                                *B604510568622002*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via email on counsel for all parties at the email addresses below or has been filed via the Court's e-filing system on this 26th day of June 2025:

Jeffrey A. Bronster, Esq.
Bronster Law
17 Wendell Place
Fairview, NJ  07022
P: 201-945-2566
F: 201-945-2688
jbronster@bronsterlaw.com

*Attorney for Plaintiff*

                                                    */s/ Brian P. Henry*
                                                    Brian P. Henry, Esq.