UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————

PETER BARBATO, ET AL.,

                        Plaintiffs,                          25-cv-5312 (JGK)

        - against -                                          Memorandum
                                                             Opinion and Order
INTERSTATE FIRE AND CASUALTY
COMPANY, ET AL.,

                        Defendants.

————————————————————————

JOHN G. KOELTL, District Judge:

The plaintiff, North Jersey Public Adjusters Inc. ("NJPA"), brings this action against Interstate Fire & Casualty Company, Independent Specialty Insurance Company, Certain Underwriters at Lloyd's of London – Syndicate 2357, and Certain Underwriters at Lloyd's and other insurers subscribing to binding authority B6045105686622002 (collectively, "the defendants"). The defendants previously moved to dismiss the original Complaint in this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); the Court granted that motion and dismissed the case without prejudice. See Barbato v. Interstate Fire & Cas. Co., No. 25-cv-5312, 2025 WL 3632840 (S.D.N.Y. Dec. 15, 2025) ("Barbato I"); see also ECF No. 22. The plaintiff then filed an Amended Complaint ("AC"),[1] ECF No. 23, which the defendants again move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 24. For the reasons that

---

[1] The Complaint named two plaintiffs: Peter Barbato and NJPA. See Compl., ECF No. 1-1. The Amended Complaint names only NJPA as a plaintiff.

follow, the defendants' motion is **granted**, and the Amended Complaint is **dismissed with prejudice**.

## I.

The Amended Complaint repeats the bulk of the allegations contained in the Complaint, which is described at length in Barbato I. See Barbato I, 2025 WL 3632840, at *1–2. The Court assumes familiarity with Barbato I. Unless otherwise noted, the following allegations are taken from the Amended Complaint and are accepted as true for purposes of deciding the current motion.

NJPA is a New Jersey public adjusting company licensed by the State of New York. AC ¶ 1. NJPA alleges that the defendants are foreign insurance companies whose policy endorsement forms did not require and did not receive approval from the New York State Department of Financial Services ("DFS"). Id. ¶¶ 2–5, 29.

NJPA alleges that the defendants collectively issued an insurance policy (the "Policy") to 122-20 Ocean Promenade Owner LLC (the "Insured"). Id. ¶ 8. The Policy covered the Insured's apartment building located at 158 West 27th Street, New York, New York (the "Property"). Id. Contained within the Policy is an agreement by endorsement (the "APA Clause") that the Insured would "not hire, engage, retain, contract with, or otherwise utilize the services of a public adjuster."[2] Id. ¶¶ 13–14.

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

During the effective coverage period of the Policy, the Property suffered a fire loss, after which the Insured retained NJPA to serve as the Insured's public adjuster. Id. ¶¶ 9–10. NJPA alleges that after the defendants received notice that the Insured had retained NJPA as a public adjuster, the defendants sent a letter to the Insured invoking the APA Clause and demanding the Insured cancel its contract with NJPA within ten days. Id. ¶¶ 12–13. NJPA alleges that, as a result of the defendants' letter, the Insured canceled its contract with NJPA, causing NJPA to lose a prospective fee calculated as a percentage of the insurance proceeds paid to the Insured. Id. ¶ 16.

NJPA filed the Amended Complaint on January 2, 2026. See ECF No. 75. Like the original Complaint, the Amended Complaint asserts claims for tortious interference with contractual relations (Count I); tortious interference with prospective economic advantage (Count II); restraint of trade, in violation of N.Y. Gen. Bus. Law § 340 (Count III); as well as putative class claims for tortious interference with prospective economic advantage (Count VII) and restraint of trade (Count VIII). Id. ¶¶ 17–56, 84–106. The Amended Complaint also asserts a new claim for prima facie tort (Count IV), as well as individual and class claims for declaratory relief (Counts V and VI). Id. ¶¶ 57–83. The defendants now move to dismiss the Amended Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See ECF No. 24.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2008). The Court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the Court should construe the facts alleged in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

Finally, when presented with a motion to dismiss a complaint, the Court may consider documents attached to or referenced in the complaint, documents either possessed or known about and relied on in bringing the lawsuit, or matters of which judicial notice may be taken. See Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).

4

## III.

The defendants contend that each Count contained in the Amended Complaint fails to state a claim.[3]

## A.

NJPA alleges that, by enforcing the APA clause, the defendants induced the Insured to terminate its contract with NJPA, thereby tortiously interfering with that contract. See AC ¶¶ 17–36. To state a claim for tortious interference with contract under New York law, a plaintiff must allege "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." Kirch v. Liberty Media Corp., 449 F.3d 388, 401–02 (2d Cir. 2006).

In dismissing the Complaint, the Court found that NJPA failed to allege that the defendants employed "wrongful means" such as "physical violence, fraud or misrepresentation, civil suits and criminal prosecution, [or] some degree[] of economic pressure" to interfere with NJPA's contract with the Insured, as required by New York law. See Barbato I, 2025 WL 3632840, at *4–5. The Court also concluded that NJPA failed to state a claim because the allegations in the Complaint showed that, in invoking the APA Clause, the defendants merely exercised their contractual right, which does not

---

[3] As discussed in Barbato I, New York law governs the claims at issue in this case. See Barbato I, 2025 WL 3632840, at *2.

5

amount to tortious interference with contract under New York law. Id. (citing Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 589 (2d Cir. 2005) (per curiam)).

The Amended Complaint contains new legal arguments with respect to the tortious interference with contract claim but fails to allege any new facts. See AC ¶¶ 18, 25, 27–36. NJPA's tortious interference with contract claim therefore fails for the reasons stated in Barbato I. See Barbato I, 2025 WL 3632840, at *5 ("Because the plaintiff[] do[es] not allege plausibly that the APA clause violates any law, and because the defendants' enforcement amounts to no more than the exercise of their contractual rights, the complaint fails to allege wrongful conduct sufficient to support a tortious interference with contract claim."). Count I of the Amended Complaint is therefore **dismissed with prejudice**.

### B.

NJPA also alleges that by foreclosing potential insureds from retaining public adjusters, the defendants interfered with NJPA's prospective economic advantage with potential clients. See AC ¶¶ 37–46. To state a claim for tortious interference with prospective economic advantage under New York law, a plaintiff must allege that (1) it had business relations with a third party; (2) the defendants interfered with those business relations; (3) the defendants acted for the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) the defendants' acts injured the relationship. See

6

G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233, 253–54 (S.D.N.Y. 2001).

In Barbato I, the Court dismissed the tortious interference with prospective economic advantage claim because the Complaint failed to allege (1) that the defendants enforced the APA Clause solely to injure NJPA; and (2) that the defendants used dishonest, unfair, or improper means in enforcing the APA Clause. Barbato I, 2025 WL 3632840, at *5–6. The Court also held that the allegations in the Complaint were defective because the Complaint "identif[ied] no specific prospective business relationships," and instead relied on prospective business relationships with potential customers, which are insufficient to state a claim for tortious interference with prospective economic advantage under New York law. Id. at *6 n.2.

The Amended Complaint does not fix these deficiencies. NJPA asserts in a conclusory fashion that the "sole purpose of [the defendants'] conduct was to harm the plaintiff" and that "the defendants acted through the use of unlawful means," but does not plead any new facts to support those allegations. See AC ¶¶ 42–43. The Amended Complaint also identifies "all New York insureds with insurance policies covering them for property and casualty loss" as the third parties with which NJPA had a prospective economic relationship. Id. ¶ 39. But, as explained in Barbato I, NJPA cannot state a claim for tortious interference with prospective economic advantage by alleging interference with a generalized class of potential future customers. See Barbato I, 2025 WL 3632840, at *6 n.2; see also Edmar Fin. Co. v. Currenex,

7

Inc., No. 21-cv-6598, 2023 WL 3570017, at *18 (S.D.N.Y. May 18, 2023) ("Where a party cannot identify specific third party relationships that were disrupted, a tortious interference claim cannot lie.").

For this reason, and for the reasons explained in Barbato I, NJPA's claim for tortious interference with prospective economic advantage fails. See Barbato I, 2025 WL 3632840, at *6 ("Because the complaint fails to allege conduct undertaken solely to harm the plaintiffs or the use of wrongful means tantamount to a crime or independent tort, the plaintiffs fail to state a plausible claim for tortious interference with economic advantage."). Count II of the Amended Complaint is **dismissed with prejudice**.

## C.

NJPA also alleges that defendants' enforcement of the APA Clause is a restraint of trade in violation of the Donnelly Act, N.Y. Gen. Bus. Law § 340. See AC ¶¶ 47–56. "Under the Donnelly Act, any contract, agreement, or arrangement that forms a monopoly or restrains competition in trade is illegal." Own Your Hunger LLC v. Linus Tech., Inc., No. 25-cv-4544, 2025 WL 1693466, at *3 (S.D.N.Y. June 17, 2025); N.Y. Gen. Bus. Law. § 340(1). To state a claim, a plaintiff must "(1) identify the relevant product market, (2) describe the nature and effects of the purported conspiracy, (3) allege how the economic impact of that conspiracy is to restrain trade in the market in question, and (4) show a conspiracy or reciprocal relationship between two or more entities." Benjamin of Forest Hills Realty, Inc. v. Austin Sheppard Realty, Inc., 823 N.Y.S.2d 79, 81–82 (App. Div. 2006).

The threshold pleading requirement is to define the relevant geographic and product market—without which "there is no way to measure a defendant's ability to lessen or destroy competition." Shepard Indus., Inc. v. 135 E. 57th St., LLC, No. 97-cv-8447, 1999 WL 728641, at *3 (S.D.N.Y. Sep. 17, 1999); see also id. at *4 ("Plaintiff's failure to allege a geographic market and a product market is thus fatal to its Donnelly Act claim."); Own Your Hunger, 2025 WL 1693466, at *3. The original Complaint failed to plead any market definition, and the Court dismissed the restraint of trade claim on that basis in Barbato I. 2025 WL 3632840, at *6.

In the Amended Complaint, NJPA claims that the relevant product market is "the furnishing of public adjusting services to insureds by State-licensed public adjusters." AC ¶ 52. But NJPA "offers no facts in support of its contention that this is indeed the relevant, economically significant product market at issue." Shepard, 1999 WL 728641, at *4. Nor does NJPA "allege any facts regarding substitute products or relating to cross-elasticity of demand." Id. NJPA also appears to allege that New York is the relevant geographic market, see AC ¶ 56, but the Amended Complaint does not contain any factual allegations as to why that constitutes an appropriate geographic market.

NJPA has failed to allege plausibly a relevant market for its restraint of trade claim under the Donnelly Act. "It is impossible, without an adequate market definition, to assess the anticompetitive effect of allegedly wrongful practices." Shepard, 1999 WL 728641, at *4. NJPA's failure to allege

plausibly a relevant product and geographic market is thus fatal to its Donnelly Act claim. Count III of the Amended Complaint is therefore **dismissed with prejudice**.

### D.

For the first time in the Amended Complaint, NJPA asserts a claim for prima facie tort based on the same conduct alleged in connection with the other tort claims. See AC ¶¶ 57–64. To plead a claim for prima facie tort under New York law, a plaintiff must allege (1) the intentional infliction of harm, (2) without excuse or justification, (3) by otherwise lawful acts, and (4) resulting in special damages. See Twin Lab'ys, Inc. v. Weider Health & Fitness, 900 F.2d 566, 571 (2d Cir. 1990). "The touchstone is 'disinterested malevolence', meaning that the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the sole intent to harm." Id. "[M]otives other than disinterested malevolence, such as profit, self-interest, or business advantage will defeat a prima facie tort claim." Id.

As explained above, see supra Sections III.A & III.B, the defendants' enforcement of the APA Clause was a lawful exercise of contractual rights and was therefore not "done with the sole intent to harm" NJPA. Twin Lab'ys, 900 F.2d at 571. That alone is sufficient to doom NJPA's claim for prima facie tort.[4] See id. Count IV of the Amended Complaint is therefore **dismissed with prejudice**.

---

[4] In its opposition papers, NJPA concedes that the conduct alleged in the Amended Complaint is insufficient to state a prima facie tort claim and instead represents

### E.

NJPA also brings individual and class claims for declaratory relief. AC ¶¶ 65–83. The Amended Complaint contains no independent factual allegations in support of the declaratory judgment claims and instead seeks relief based on the substantive tort and restraint of trade claims. See id. As discussed above, NJPA has failed to plead any substantive claim, and the claims for declaratory relief must therefore be dismissed. See In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993) ("[A] court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief."). Counts V and VI of the Amended Complaint are accordingly **dismissed with prejudice**.

### F.

Finally, NJPA brings class claims premised on the substantive tortious interference with prospective economic advantage and restraint of trade claims. AC ¶¶ 84–106. Because NJPA has failed to plead both of those individual claims plausibly, the class claims necessarily fail. Counts VII and VIII of the Amended Complaint are therefore **dismissed with prejudice**.

### CONCLUSION

The Court has considered all of the parties' arguments. To the extent not addressed specifically, those arguments are either moot or without merit.

---

that it "pleaded that count simply to preserve it for the purpose of a potential future appeal." ECF No. 27, at 5.

11

For the foregoing reasons, the defendants' motion to dismiss is **granted**, and the Amended Complaint is **dismissed with prejudice**. The Clerk is respectfully requested to enter judgment dismissing the Amended Complaint with prejudice. The Clerk is also requested to close all pending motions and to close this case.

**SO ORDERED.**

Dated:    New York, New York
          May 15, 2026

_____
            John G. Koeltl
      **United States District Judge**

12